CHARLES BLAINE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

C. P. ANDERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44887, 44888. Promulgated January 7, 1932.

*Charles H. Garnett, Esq.*, and *G. S. Levy, Esq.*, for the petitioners.
*Frank B. Schlosser, Esq.*, for the respondent.

OPINION.

LANSDON: These consolidated appeals involve the petitioners' liability for assessment under section 280 of the Revenue Act of 1926, for the unpaid taxes of a corporation of which they both are stockholders. The tax year is 1927 and the disputed assessment is $994.83. Four assignments of error were alleged in the petitions filed, but three were abandoned by the petitioners' counsel at the hearing and the causes submitted for decision upon the single issue as to whether or not the petitioners were transferees of the assets of the corporation

92

within the meaning of the act. The record shows that prior to 1924 the petitioners were engaged as copartners in a business which they incorporated in August of that year, under the name of " Anderson Theatre Supply Company," taking most of the capital stock to themselves. The amount, value or cost of this stock to the petitioners is not shown.

In the taxable year the corporation sold all of its assets, except notes and accounts receivable, to the National Theatre Supply Company for the cash consideration of $36,762.17. Out of the proceeds of this sale the corporation paid to petitioners Anderson and Blaine $5,000 and $15,000, respectively; which left it insolvent and without means of paying its other debts, including these taxes. Petitioner Anderson claims he did not receive any of the funds distributed by the corporation, but on the evidence we must find against him on that point. He also claims, as an alternative defense, that the corporation is still indebted to him, regardless of payments made, if any, in excess of such payments, for back salary. Petitioner Blaine claims that the corporation is indebted to him for loans made to it in excess of the amounts paid him. Neither petitioner introduced any evidence at the hearing in support of these claims; but rested their defense entirely upon unsupported denials and assertions made by them while testifying as witnesses for the respondent. In our opinion the respondent has sustained the burden of proof necessary to establish the liability of these petitioners under section 280 of the Revenue Act of 1926.

*Decision will be entered for the respondent.*

*W. M. Shaw, C. P. A.,* for the petitioner.
*Frank B. Schlosser, Esq.,* for the respondent.